NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ARTHUR RAKOWITZ,**
*Plaintiff-Appellant,*

**v.**

**UNITED STATES,**
*Defendant-Appellee.*

---

2012-5038

---

Appeal from the United States Court of Federal Claims in case no. 11-CV-391, Judge Christine O.C. Miller.

---

Decided: July 13, 2012

---

ARTHUR RAKOWITZ, of Fort Sam Houston, Texas, pro se.

BARBARA E. THOMAS, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With her on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and MARTIN F. HOCKEY, JR., Assistant Director.

---

Before RADER, *Chief Judge*, MAYER and SCHALL, *Circuit Judges*.

PER CURIAM.

## DECISION

Arthur Rakowitz appeals the final decision of the United States Court of Federal Claims dismissing his complaint for lack of jurisdiction. *Rakowitz v. United States*, No. 11-391C (Fed. Cl. Oct. 28, 2011). We *affirm*.

## DISCUSSION

## I.

The pertinent facts are not in dispute. Mr. Rakowitz filed suit in the Court of Federal Claims on June 15, 2011. In his complaint, titled "Motion For Federal Tort Claim," he alleged that, while serving as an Army reservist, he was denied leave by his company commander. According to Mr. Rakowitz, the denial of leave led to the death of his cow and calf because he was unable to care for the animals while he was on duty. In his complaint, Mr. Rakowitz alleged that he was entitled to damages in the amount of $7,300 under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) ("FTCA"). On July 18, 2011, the government moved to dismiss the complaint pursuant to Court of Federal Claims Rule ("RCFC") 12(b)(1) for lack of jurisdiction on the ground that Mr. Rakowitz's claim sounded in tort. The Court of Federal Claims granted the motion on October 28, 2011. The court stated: "Because plaintiff's complaint pleads a tort and otherwise fails to set forth a statute, regulation, or federal contract as a jurisdictional basis, the complaint must be dismissed pursuant to RCFC 12(b)(1) for lack of subject matter jurisdiction." *Rakowitz v. United States*, No. 11-391C,

slip. Op. at 3 (Fed. Cl. Oct. 28, 2011). This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## II.

The Court of Federal Claims derives its jurisdiction from the Tucker Act, which provides as follows:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases *not sounding in tort*.

28 U.S.C. § 1491(a)(1)(emphasis added). "The plain language of the Tucker Act excludes from the Court of Federal Claims jurisdiction claims sounding in tort." *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008). At the same time, Mr. Rakowitz's complaint clearly presents a tort claim. The allegations in the complaint assert wrongful action on the part of his commanding officer, and in his complaint Mr. Rakowitz characterizes his claim as one for "tort[i]ous liability damages" under the FTCA. The Court of Federal Claims did not err in dismissing the complaint.

On appeal, Mr. Rakowitz suggests that the Court of Federal Claims has jurisdiction over his complaint under the Military Claims Act ("MCA"), *see* 10 U.S.C. §§ 2731-2740, and the Military Personnel and Civilian Employees Claims Act ("MPCECA"), *see* 31 U.S.C. §§ 3701, 3721. Under the MCA, the Secretary of one of the armed forces or the Judge Advocate General of an armed force under his jurisdiction may settle, and pay

damages of not more than $100,000 with respect to, certain claims for damage to or loss of personal property. *See* 10 U.S.C. § 2733(a). Under the MPCECA, the "head of an agency," including the head of a military department, "may settle and pay not more than $40,000 for a claim against the Government made by a member of the uniformed services under the jurisdiction of the agency or by an officer or employee of the agency for damage to, or loss of, personal property incident to service." 31 U.S.C. § 3721(b)(1).

Neither the MCA nor the MPCECA vests the Court of Federal Claims with jurisdiction over Mr. Rakowitz's complaint. A statute provides the Court of Federal Claims with Tucker Act jurisdiction only if it "can fairly be interpreted as mandating compensation by the Federal Government." *Holmes v. United States*, 657 F.3d 1303, 1309 (Fed. Cir. 2011) (quoting *United States v. Navajo Nation*, 556 U.S. 287, 290 (2009)). Neither the MCA nor the MPCECA satisfies this money mandating requirement. The reason is that both statutes merely *authorize* the settlement and payment of certain claims. Neither statute *mandates* compensation.

For the foregoing reasons, the decision of the Court of Federal Claims dismissing Mr. Rakowitz's complaint is affirmed.

*AFFIRMED*